Thomas F. **KRAUTER**, Plaintiff

v.

**NORFOLK SOUTHERN RAILWAY COMPANY**, Defendant

No. 3:03 CV 7231.

United States District Court,
N.D. Ohio,
Western Division.

Feb. 23, 2004.

Erwin J. Leizerman, Michael J. Leizerman, E.J. Leizerman & Associates, Toledo, OH, for Thomas F. Krauter, Plaintiff.

John C. Duffey, Trenten D. Klingerman, Stuart & Branigin, Lafayette, IN, for Norfolk Southern Railway, aka Norfolk Southern Corporation, Defendants.

## ORDER

CARR, District Judge.

This is an FELA action arising from a head-on collision in LaPorte, Indiana. The defendant Norfolk Southern previously sought transfer of this case to the Northern District of Indiana. That motion was denied on the basis that there appeared to be little question that the defendant was liable to the plaintiff, so that this was likely to be a damages-only case. (Doc.26). Because plaintiff's treating physicians are in Toledo, Ohio, and another doctor is from Maryland, venue was deemed to be more appropriate here rather than in the Northern District of Indiana.

That order indicated that if the premise on which it was based—i.e., that there would be little, if any, dispute about liability were inaccurate, defendant could renew its motion to transfer. Defendant has filed a renewed motion to transfer to the Northern District of Indiana. For the reasons that follow, that motion shall be denied.

There is no doubt that other Norfolk Southern employees, namely the engineer and conductor of the train that collided with the train being operated by the plaintiff, caused the head-on collision. Nonetheless, the railroad claims that liability is

at issue in this case, and thus transfer to is appropriate.

That issue, according to the railroad, is whether plaintiff braced himself prior to collision. Such reaction on plaintiff's part, the railroad asserts, is required and would have avoided or reduced plaintiff's injuries. From the railroad's standpoint, any contributory negligence on plaintiff's part lessens its liability to him.

In support of that contention, the railroad recites the names of several putative witnesses. Without specifying what those witnesses will say on the issue of liability, the railroad suggests that they will relate what plaintiff told them about what he was doing immediately prior to the accident. That testimony, whatever it will be, is secondary to the apparently undisputed responsibility of the other employees for the collision. Plaintiff's putative contributory negligence, if any, is ancillary to the ultimate issue to be tried in this case—namely, the plaintiff's damages.

As plaintiff's opposition points out, moreover, the only witness to plaintiff's actions immediately prior to the collision is the plaintiff. It is hard see how any of the other witnesses could tell the jury anything firsthand about those actions. That other witnesses may testify about what plaintiff told them about his actions immediately does not justify disregarding plaintiff's choice of forum.

Defendant also suggests that plaintiff has failed to mitigate his damages by not participating in its vocational rehabilitation programs. It is fair to assume that some witnesses to that effect are to be found in the Northern District of Indiana. I note, however, that mitigation, despite the defendant's suggestion to the contrary, is a damages, not a liability issue.

Third, defendant points to Indiana law requiring apportionment of damages. That law can be applied equally well in this court as in Indiana. The presence of that law in this case does not militate in favor of transfer to the Northern District of Indiana.

Finally, defendant informs the court that it has filed a declaratory judgment action against the plaintiff, the conductor of his train (who has served notice of intent to recover under the FELA for injuries he suffered), and the employees responsible for the collision. That complaint seeks indemnification from those employees, and a declaration of the rights of, among others, the plaintiff in this case.

Defendant contends that it is entitled to bring such action against the employees responsible for the damage caused by their apparent unsafe operation of their train. It also contends that plaintiff's rights are at issue in its suit.

Plaintiff may have "right" to sue the employees, and perhaps, as well, to drag plaintiff into its suit. But its suit is unusual, to say the least. In nearly twenty-five years on the bench, during which I have been involved in hundreds of FELA suits, I have never heard of such suit. They may be commonplace elsewhere, but they are not here.

Despite defendant's disclaimers to the contrary, I must suspect its motives in bringing that suit, which may well create some modest risk of inconsistent verdicts. But to the extent that that risk arises, the defendant has created it. Its complaint about such risk sounds much like the lament of the parricide that he is an orphan.

My suspicions are heightened by the unlikelihood that defendant could ever, in fact, recover anything from the employees responsible for the accident—even if they remain employed following the collision. While working for a railroad may provide a good income, there is little reason to expect that such employees would be judg-

ment-worthy. This consideration underscores my perception that the declaratory judgment suit is a pretext for trying to persuade me to change my original decision. I doubt seriously whether that suit would have been filed—at least as, in part, a declaratory judgment action against the plaintiff—but for my earlier refusal to transfer this case.

Not only the most, but indeed the only persuasive contention by the defendant in support of its renewed motion to transfer is its recitation of the extent to which medical evidence is to be found in the Northern District of Indiana. Those contentions—and, in particular, defendant's reference to plaintiff's inability at deposition to identify an Ohio-based treating physician, call into question the other premise of my earlier decision: namely, that the damages evidence would originate substantially, if not primarily in this district.

Any such question has, however, been answered by the supplemental materials filed by plaintiff's counsel. Those materials summarize the plaintiff's prior, current, and anticipated future course of medical treatment. While plaintiff's initial treatment was in Indiana, his subsequent, and continuing treatment for his orthopedic injuries is centered in Toledo, and is continuing. He is receiving other treatment in Maryland. Testimony by vocational and economic experts will be presented on plaintiff's behalf by witnesses located in Ohio.

Thus, the clear center of gravity of the evidence that will be of greatest importance in this case is Ohio. Plaintiff, having chosen to sue here, is entitled to be heard here.

In light of the foregoing, it is

ORDERED THAT defendant's renewed motion to transfer be, and the same hereby is denied.

So ordered.